UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DUSTIN HEFLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21CV41 RLW |
| v. ) | |
| ) | |
| DANIEL REDINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on Defendants Corizon, LLC, and Ernest Jackson, M.D.'s Motion to Dismiss (ECF No. 9), Defendant Regina Gonia's Motion for Judgment on Pleadings (ECF No. 20), and Defendant Redington's Motion to Dismiss Plaintiff's Petition (ECF No. 22). These matters are fully briefed and ready for disposition.

## **BACKGROUND**[1]

Plaintiff Dustin J. Hefley is a pro se inmate who is incarcerated with the Missouri Department of Corrections ("MDOC") at Northeast Correctional Center ("NECC") at all times relevant to his Petition. (Petition, ECF No. 4, at 1, 8). On September 26, 2017, Hefley filed a Health Service Request ("HSR") form, wherein Hefley complained of pain. (Petition, Statement of Facts (hereinafter, "SOF"), ¶ 1). Hefley was diagnosed with an abscessed tooth, was given

---

[1] When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and construes all reasonable inferences in favor of the nonmoving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp., supra,* at 555 – 556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

1

antibiotics, and put on a list to have teeth pulled and partial dentures installed. (*Id*.)  On October 25, 2017, Hefley filed a HSR, requesting treatment for tooth pain. (*Id*., ¶ 2).  Hefley was again told he was on the "list" to have dental work performed. (*Id.*)  On August 13, 2018, Hefley filed a HSR and was seen for "dental triage, gross caries, and fractures of his teeth." (*Id*., ¶ 3)  Hefley was told that they would be removing more teeth, including "gross decay of teeth 20 and 30 and extractions."  Hefley was told he was on the "list" to receive partials. (*Id*.) Hefley filed HSRs on September 16, 2018, October 10, 2018, and November 26, 2018, but was never called to see dental. (*Id*., ¶ 4)  Hefley was informed that his dental extractions were scheduled for December 7, 2018 and December 12, 2018, but he never had these appointments. (*Id*.)  On January 8, 2019, Hefley filed a HSR and was seen by dental to remove teeth. (*Id*., ¶ 5).  Again, on January 16, 2019, Hefley was seen by dental to have teeth removed. (*Id*.)  On January 26, 2019, filed an HSR because of tooth pain and was given salt water for pain. (*Id*.)  On January 28, 2019, Hefley was seen by dental, was given antibiotics, and was told he was on the "list" to receive upper and lower partial dentures. (*Id*., ¶ 6).  On April 15, June 12, October 24, and December 2, 2019, Hefley filed HSRs, but did not receive a response from dental. (*Id*., ¶ 7). On January 26, 2020, Hefley was seen by dental, received salt water for pain, and was told he was on the "list" for partial dentures. (*Id*., ¶8).  On January 29, 2020, Hefley alleges that Ernest W. Jackson, DMD, personally examined Hefley and ordered upper and lower partials dentures for Hefley. (*Id*., ¶ 9).  On January 30, 2020, Hefley filed an Informal Resolution Request ("IRR"), stating that he was not receiving essential dental care for his serious dental condition. (*Id*., ¶ 10).  Hefley stated that he was having difficulty chewing, his gums were bleeding, he was having headaches, and he had become constipated, due to his inability to digest his food properly. (*Id*., ¶10). Hefley again

2

stated that he had been on a "list" to receive partial dentures for over three years. (*Id*., ¶ 10). On March 9, 2020, Cathy Griffith, R.N., responded to Hefley's IRR:

> There is a full time dentist at this time and appointments are scheduled through the dental staff. The appointments are scheduled per triage with pain being high on the list. Partials are scheduled once dental issues are resolved. This way there is less need to have partials continuously adjusted. Dr. Jackson or any dentist may not know where you are the "list" as the "list" may change due to need. You will be scheduled and called over in the future.

(*Id*., ¶ 11). On March 17, 2020, Hefley filed another grievance, stating that his teeth were "painful without partials, I can't chew properly, my gums are bleeding as a result of going without dentures. I am having terrible headaches, I'm concerned my mouth will get infected without having proper partials." (*Id*., ¶ 12). On March 31, 2020, Dawn Wade, RN, and a medical director responded to Hefley's IRR: "You allege there has been a delay in receipt of upper/lower partials from the dental department. According to medical records you were seen by a dentist on January 29, 2020. The dentist determined that partials were indicated and follow-up has been planned and scheduled." (*Id*., ¶ 13). On April 2, 2020, Hefley filed an HSR requesting another dental appointment. (*Id*., ¶ 14). In response, Regina Gonia, Dr. Moeller, and Betty Shelby from the dental department wrote him a note: "If you are on our list for Dentures, Extractions, or fillings, you will be scheduled when the American Dental Association gives us permission to continue with these services, you will be called up. YOU DO NOT NEED TO FILL OUT ANOTHER HSR TO REMIND US THAT YOU HAVE NOT BEEN SEEN YET, WE KNOW AND ARE DOING THE BEST WE CAN." (*Id*.) On May 6, 2020, Hefley filed his grievance appeal: "I have serious ongoing medical need my teeth are painful, I can't chew properly, my gums are bleeding, and I'm having terrible headaches. I'm concerned that the teeth that are broken and could be infected. I desperately need to have these dental issues addressed and fixed properly and not just put on a 'list.'" (*Id*., ¶ 15). On June 12, 2020, Dr. Ernest W.

3

Jackson responded to the grievance appeal: "It is my understanding that you would like to receive comprehensive dental care  I personally examined you on 01/29/20.  It was found that you are in need in support/lower partial dentures.  Presently due to the CDC guidelines and the COVID-19 pandemic we are unable to initiate the fabrication of the partial dentures and any other treatment that you may need.  When guidelines permit you will be scheduled for treatment as other patients will be scheduled.  As you can see by the documentation, responsive care and treatment has been provided.  This should resolve your grievance.  No further action is indicated at this time." (*Id*., ¶ 16).  On January 5, 2021, Hefley received a HSR returned to him in the mail from the dental department: "Yes dental has opened back up but please understand we are doing the higher priority procedures first such as extraction and finishing up our backlog of denture cases before we start new ones.  Once we are caught up we will start on our denture and filling 'LIST'.  It is super long and that is going to take awhile to get through it, same with the dentures." (*Id*., ¶ 18).  On January 21, 2021, Hefley filed an IRR, claiming that he suffered from a serious, ongoing medical condition and that he was being denied dental care as retaliation.  (*Id*., ¶ 19).  On February 17. 2021, "staff" responded to Hefley's IRR: "This has been addressed numerous times.  There is no dentist onsite at this time.  Due to COVID-19 restrictions many procedures cannot be completed.  Take Rx ASAP/ibuprofen for pain.  Waiting 4yrs for partials." (*Id*., ¶ 20).  On March 2, 2021, Hefley filed a grievance, alleging that Corizon, Warden Daniel Redington, Regina Gonia, Dr. Ernest W. Jackson, and Dr. Moeller were complicit in retaliating against Hefley and for deliberate indifference to his medical care.  (*Id*., ¶ 21).

Plaintiff alleges that Defendants denied him appropriate dental care and retaliated against him in violation of his First Amendments rights.  Plaintiff's Petition alleges claims under the Americans with Disabilities Act ("ADA"), the 42 U.S.C. § 1983, and the Missouri

4

Constitution. Defendants moved to dismiss based upon improper service and on the grounds that Plaintiff's allegations failed to state a claim upon which relief can be granted. Plaintiff seems to abandon his claim for violations of the First Amendment, ADA, and Missouri Constitution. (ECF Nos. 26, 27, 28). As remaining in this action, Plaintiff argues that he stated a claim for relief under the Eighth Amendment.[2]

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts

---

[2] *See* ECF No. 27 at 1 ("As set forth in the accompanying declaration of Plaintiff, Dustin J. Hefley, has had his Eight[h] Amendment right's [sic] violated.").

alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

**A.  Service on Ernest Jackson, M.D. and Regina Gonia**

Hefley purported to serve Defendants Jackson and Gonia at their places of employment. (ECF No. 10 at 3; ECF No. 21 at 2-3).  The Court finds that such service was ineffective under Missouri and federal law.  Mo. Rev. Stat. §506.150.1; Fed. R. Civ. P. 4(e).  The Court grants Defendant Jackson's Motion to Dismiss and Defendant Gonia's Motion for Judgment on the Pleadings because of improper service.  However, the Court will afford Hefley an opportunity to properly serve Defendants Jackson and Gonia.[3]

Hefley is responsible for having the summons and complaint served within thirty (30) days of the date of this Order. Any person who is at least 18 years old *and not a party* may serve the summons and complaint. Fed. R. Civ. P. 4(c)(2). This means that Hefley may not serve the summons and complaint himself. If Hefley is unable to have the summons and complaint served, he may move the Court to order that service be made. *See* Fed. R. Civ. P. 4(c)(3). If Hefley chooses to so move, he must clearly explain to the Court, in writing, the steps he took to have the summons and complaint served by a qualified person, and why he was unsuccessful.

---

[3] From a review of the record, Hefley also has not served "Unknown Dr. Moeller, DMD", Dawn Wade, or Cathy Griffith.  The time for service of the Petition on these defendants has run.  *See* Fed. R. Civ. P. 4(m).  The Court will also afford Hefley an opportunity to serve those defendants.

**B.  Defendants Corizon, LLC's Motion to Dismiss (ECF No. 9)**[4]

In the Motion to Dismiss, Defendant Corizon claims that Hefley failed to state a claim upon which relief could be granted.  In Hefley's response, he does not dispute that he failed to assert viable claims of violations of the First Amendment, ADA, and the Missouri Constitution.[5] Hefley, however, continues to allege an Eighth Amendment claim.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted); *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019). To prove his deliberate indifference claim, Hefley must show: "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). "Deliberate indifference is more than

---

[4] As stated above, the Court grants Dr. Jackson's Motion to Dismiss based upon improper service.  As a result, the Court addresses only the arguments relevant to Defendant Corizon.

[5] In the "Brief in Support of Plaintiff's Response to Motion to Dismiss & Judgment on the Pleadings" (ECF No. 28), Hefley states "This is a 42 U.S.C. §1983 action filed by a prisoner at Bowling Green Correctional Center seeking damages, based upon the denial of his Eighth Amendment right's [sic], and a denial of medical care."  (ECF No. 28 at 1).  Thus, as previously indicated, the Court holds that Hefley has abandoned his other claims for relief.  In any event, the Court does not believe that Hefley states a claim for relief under the First Amendment, ADA, or the Missouri Constitution against any Defendants.  The Court holds that Hefley did not allege sufficient facts in support of his First Amendment claim, and dismisses his First Amendment claim.  *See Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir.1985) ("Merely alleging that an act was retaliatory is insufficient.").  Likewise, Hefley does not allege any facts in support of his claim under the Missouri Constitution and such relief is not available under the Missouri Constitution.  *See Johnson v. City of Hazelwood*, No. 4:14CV1311 SNLJ, 2014 WL 7338811, at *5 (E.D. Mo. Dec. 22, 2014) (citing *Moody v. Hicks,* 956 S.W.2d 398, 402 (Mo Ct. App. 1997) ("Such claims are not cognizable because the Missouri General Assembly has not enacted legislation authorizing suits for state constitutional violations.).  Finally, the Court holds that Hefley's claim under the ADA fails as a matter of law because "a lawsuit under … the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions[.]" *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005).

7

negligence, more even than gross negligence ...." *Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014). It "may be found where medical care is so inappropriate as to evidence intentional maltreatment." *Id.*; *see Holden*, 663 F.3d at 343 ("The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness."). This is a "fact-intensive inquiry" that requires Hefley to "clear a substantial evidentiary threshold" to succeed on his claim. *Nelson v. Shuffman*, 603 F.3d 439, 448–49 (8th Cir. 2010); *Johnson*, 929 F.3d at 576.

A delay in treating a serious medical need can constitute deliberate indifference. *See, e.g.*, *Dadd v. Anoka Cty.*, 827 F.3d 749, 755 (8th Cir. 2016) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature."). As noted by the Eighth Circuit, "[m]any cases finding deliberate indifference due to a delay in dental care involve almost a complete lack of treatment leading to an infection or worsening condition." *Johnson*, 929 F.3d 569, 576–77 (citing *Hartsfield*, 371 F.3d at 457 (question of material fact whether medical staff were deliberately indifferent for waiting six weeks to arrange for dental treatment even though inmate suffered from pain and infection); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (denying summary judgment for three-week delay referring to oral surgeon where doctor knew of inmate's pain and his "mouth was so swollen he could barely open it" and "pus regularly oozed from the infection"); *Patterson v. Pearson*, 19 F.3d 439, 440 (8th Cir. 1994) (one-month delay treating infection that required extraction could constitute deliberate indifference)). To state a claim against Corizon, Hefley must allege that a policy or custom of Corizon is responsible for the alleged constitutional violations. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Ashley v. McKinney*, No. 4:19-CV-309 CAS, 2019 WL 3947726, at *6 (E.D. Mo. Aug. 21, 2019).

8

In his Complaint, Hefley alleges that "official Corizon policy" was to "negate its Constitutional obligation owed to plaintiff to provide dental treatment" and to "knowingly, purposefully and intentionally deny[], delay[], and interfer[e] with plaintiff's dental treatment as ordered by [a] CORIZON Dentist." (ECF No. 4 at 16). In its Motion to Dismiss, Corizon argues that "Plaintiff's sole allegation of a Corizon policy of mishandling or losing inmates' sick call request are not supported by his own allegations, wherein Plaintiff admits that he was evaluated by the medical staff after filing sick call requests." (ECF No. 10 at 6).

Corizon, however, oversimplifies Hefley's allegations. Hefley meticulously outlined a litany of HSRs and IRRs filed by him in attempt to obtain dental services over four years. Defendants purport to excuse Hefley's protracted dental treatment as "due to delays associated with the COVID-19 pandemic." (ECF No. 10 at 6). Hefley, however, alleges that he was first put on a "list" to have his teeth pulled and partial dentures installed on September 26, 2017. (SOF, ¶1). Further, on several occasions, Hefley was not seen after filing a HSR (SOF, ¶¶ 4, 7). Thus, at this early stage of the litigation and based solely upon the allegations in the Petition, the Court finds that Hefley states a claim against Corizon under the Eighth Amendment based upon its purportedly unconstitutional policy.

**C. Defendant Redington's Motion to Dismiss Plaintiff's Petition (ECF No. 22)**

Hefley brings a claim of deliberate indifference under Section 1983 against Defendant Daniel Redington. Redington is the Warden at NECC and an employee of the Missouri Department of Corrections. Hefley alleges that Redington violated his Eighth Amendment right to be free from cruel and usual punishment by denying him dental care services. Hefley alleges that Redington is "legally responsible for the operations of the Northeast Correctional Center

prison and assigned as [Plaintiff's] caretaker, responsible for the welfare and care of all inmates in that prison, including Plaintiff, Dustin J. Hefley[.]" (Petition at 6). Redington is sued in his personal capacity only. (Petition at 1).[6]

The Court grants Redington's Motion to Dismiss because Hefley does not allege that Redington was personally involved in the denial of Hefley's medical and dental care. Hefley has not set forth any facts indicating that Redington was directly involved in or personally responsible for the alleged violations of his constitutional rights. And "general responsibility for supervisory responsibilities cannot establish personal involvement." *Ashley*, 2019 WL 3947726, at *5 (citing *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6) (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983)). As a result, the Petition fails to state a claim upon which relief can be granted. Defendant Redington is dismissed.

---

[6] To the extent that Hefley could argue that his claims against Redington are brought against him in his official capacity, those claims fail as a matter of law for failure to state a claim and because such claims are barred by sovereign immunity. See *Esparza v. Godert*, No. 2:18-CV-77-PLC, 2019 WL 1586551, at *2 (E.D. Mo. Apr. 12, 2019) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.… '[N]either a State nor its officials acting in their official capacity are "persons" under § 1983.'"); *see also* Mo. Rev. Stat. 537.600; *Engel v. ERDCC*, No. 4:20-CV-01823-SRC, 2021 WL 633759, at *3-4 (E.D. Mo. Feb. 18, 2021) ("no exceptions to sovereign immunity are present in this case').

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Corizon, LLC, and Ernest Jackson, M.D.'s Motion to Dismiss (ECF No. 9) is **GRANTED**, in part, and **DENIED**, in part. Defendant Ernest Jackson, M.D., is **DISMISSED**, without prejudice, for improper service. Defendant Corizon, LLC's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Regina Gonia's Motion for Judgment on Pleadings (ECF No. 20) is **GRANTED**. Defendant Regina Gonia is **DISMISSED**, without prejudice, for improper service.

**IT IS FURTHER ORDERED** that Plaintiff shall have the summons and complaint served on Defendants Ernest Jackson, M.D., Regina Gonia, "Unknown Dr. Moeller, DMD", Dawn Wade, and Cathy Griffith within thirty (30) days of the date of this Order. Or, if plaintiff is unable to have the summons and complaint served, he may move the Court, within thirty (30) days of the date of this Order, to order that service be made. *See* Fed. R. Civ. P. 4(c)(3). Failure to comply with this Order will result in dismissal of "Unknown Dr. Moeller, DMD", Dawn Wade, and Cathy Griffith without prejudice.

**IT IS FINALLY ORDERED** that Defendant Redington's Motion to Dismiss Plaintiff's Petition (ECF No. 22) is **GRANTED**.

Dated this 28th day of January 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**